UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14250-KMM

JONATHAN R. RODRIGUEZ,

    Petitioner,

v.

MARK INCH, *Secretary of the Florida Department of Corrections*,

    Respondent.
_____/

## ORDER

THIS CAUSE came before the Court upon *pro se* Petitioner Jonathan R. Rodriguez's ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ("Am. Pet.") (ECF No. 12). The matter was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Amended Petition be denied. ("R&R") (ECF No. 23). Petitioner filed objections. ("Objs.") (ECF No. 30). Respondent failed to file a response to Petitioner's objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

**I.    BACKGROUND**

The Court assumes familiarity with the procedural history and factual background of Petitioner's underlying state criminal case, which is recounted in substantial detail in the Report and Recommendation. *See* R&R at 3–4, 7–22. In broad strokes, and as set forth in the Report and

Recommendation, Petitioner was convicted by a jury in Polk County, Florida[1] of first-degree murder, kidnapping, and tampering with evidence. *Id.* at 3. Petitioner was sentenced to life imprisonment without the possibility of parole on the first-degree murder and kidnapping convictions, to run consecutively to a five-year term of imprisonment on the tampering with evidence conviction. *Id.*

On July 18, 2019, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Florida. (ECF No. 1). That same day, the case was ordered transferred to this District. *See* (ECF No. 4). On July 22, 2019, the Court ordered Petitioner to file the instant Amended Petition, *see* (ECF No. 8), which was filed on August 27, 2019, *see* Am. Pet.

Petitioner's Amended Petition raises five grounds for relief, which the Court has reproduced below from the Report and Recommendation:

1. The trial court violated his confrontation rights under *Crawford* [*v. Washington*, 541 U.S. 36 (2004)] when it permitted the medical examiner to provide hearsay testimony regarding the kidnapping and subsequent death of the victim, predicated on findings contained in the Wuesthoff Reference Laboratories ("Wuesthoff Laboratories") report ("Wuesthoff Report"). [ECF No. 12 at 6; ECF No. 12-1 at 4].

2. His attorney was ineffective for failing to file a motion to compel the deposition or trial testimony of Susan Adams, a toxicologist, who signed the Wuesthoff Report. [ECF No. 12 at 8; ECF No. 12-1 at 5].

3. His attorney was ineffective for failing to investigate Wuesthoff Laboratories and its report regarding its preparation and the findings contained therein. [ECF No. 12 at 9; ECF No. 12-1 at 5].

4. His attorney was ineffective for failing to object to the testimony of Dr. Bruce Goldberger ("Dr. Goldberger"), the state's rebuttal expert witness. [ECF No. 12 at 11; ECF No. 12-1 at 7].

---

[1] As noted in the Report and Recommendation, the state court in Highland County, Florida granted a change of venue to Polk County, Florida. R&R at 3.

2

> 5. His attorney was ineffective for failing to object to various instances of prosecutorial misconduct during closing argument. [ECF No. 12 at 17; ECF No. 12-1 at 8].

*Id.* at 2 (footnote omitted).

On August 31, 2021, Magistrate Judge Reid issued a Report and Recommendation, recommending that this Court deny Petitioner's Amended Petition on the merits, decline to issue a certificate of appealability, and close this case. *See generally* R&R. Petitioner filed objections after the Court granted his motion for extension of time. *See generally* Objs.; (ECF No. 27). Respondent failed to file a response to Petitioner's objections.

Now, Petitioner objects to the findings and recommendations of the Report and Recommendation as set forth below. *See generally* Objs.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ]

3

papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

Before turning to Petitioner's objections, the Court observes that Petitioner does not object to the Report and Recommendation's findings and recommendations as to Grounds 2 through 5 of the Amended Petition. Thus, the Court need only be satisfied that there is no clear error as to those grounds. *See Keaton*, 2015 WL 12780912, at *1. In the Report and Recommendation, Magistrate Judge Reid finds that Petitioner fails to establish that his counsel was ineffective as alleged in Grounds 2 through 5. *See* R&R at 29–47. This Court agrees.

Otherwise, Petitioner raises two objections to the Report and Recommendation with respect to Ground 1. First, Petitioner objects to the Report and Recommendation's finding that there was no Confrontation Clause violation because the medical examiner, Dr. Stephen J. Nelson ("Dr. Nelson"), did not solely rely upon the Wuesthoff Report—a toxicology report—in arriving

4

at his opinion that the victim was burned alive. Objs. at 5. Rather, Petitioner argues that Dr. Nelson "actually affirmed that he was 'solely' relying on the hearsay lab report to arrive at his conclusion." *Id.* at 6 n.1. Petitioner argues that "it would be factually incorrect to conclude that the hearsay lab report was not controlling in the doctor's conclusion that the victim was burned alive." *Id.* at 6. Second, Petitioner objects to the finding in the Report and Recommendation that Dr. Nelson was permitted to rely on the Wuesthoff Report because he was subject to cross-examination at trial. *Id.* at 6–7. Rather, Petitioner argues that the Wuesthoff Report is distinguishable from the DNA lab report in *Williams v. Illinois*, 567 U.S. 50 (2012), because the Wuesthoff Report was created with the purpose of "accusing Petitioner of an even greater crime," Dr. Nelson's testimony regarding the results of that report were "offered to prove that the victim was burned alive," and Dr. Nelson vouched for the accuracy of the report. *Id.* at 7–9.

This Court disagrees.

First, the record does not support Petitioner's argument that Dr. Nelson relied solely upon the Wuesthoff Report's toxicological findings on the victim's carboxyhemoglobin level in opining that the victim was burned alive. Rather, Dr. Nelson testified during cross-examination that the victim's carboxyhemoglobin level *in addition* to hyperemia observed in the victim's airways informed his opinion that the victim was burned alive. *See, e.g.*, (ECF No. 19-23) at 2675:13–25.

Second, the relevant legal issue before the Court is whether Dr. Nelson was permitted to rely upon the carboxyhemoglobin toxicology result in the Wuesthoff Report when he testified at trial. Petitioner claims that Dr. Nelson's reliance upon the carboxyhemoglobin result in that report violated the Sixth Amendment Confrontation Clause because Dr. Nelson, who was the medical examiner, was not the lab technician that performed the analyses in the Wuesthoff Report, the Wuesthoff Report is hearsay, the technician that performed the analyses did not testify at trial, and

5

Petitioner did not have an opportunity to cross-examine the technician. *See* R&R at 22; (ECF No. 12-1) at 4–5.

This Court agrees with the Report and Recommendation that the plurality's reasoning in *Williams v. Illinois*, 567 U.S. 50 (2012), applies and that Petitioner's right to confrontation was not violated. The issue in *Williams* was whether "*Crawford* bar[s] an expert from expressing an opinion based on facts about a case that have been made known to the expert but about which the expert is not competent to testify[.]" *Id.* at 56. There, a plurality of the United States Supreme Court held that

> this form of expert testimony does not violate the Confrontation Clause because that provision has no application to out-of-court statements that are not offered to prove the truth of the matter asserted. When an expert testifies for the prosecution in a criminal case, the defendant has the opportunity to cross-examine the expert about any statements that are offered for their truth. Out-of-court statements that are related by the expert solely for the purpose of explaining the assumptions on which that opinion rests are not offered for their truth and thus fall outside the scope of the Confrontation Clause. Applying this rule to the present case, we conclude that the expert's testimony did not violate the Sixth Amendment.

567 U.S. 50, 57–58 (2012).

Here, the matter asserted in the Wuesthoff Report, a toxicology report, was that the victim's carboxyhemoglobin level was 18 percent. The Wuesthoff Report does not make any conclusions as to whether the victim was burned alive. *See* (ECF No. 22) at 17–18. Rather, Dr. Nelson relied on the 18-percent carboxyhemoglobin level in the Wuesthoff Report, among other information identified in the Report and Recommendation, *see* R&R at 14–17, in forming his opinion that the victim was burned alive. Dr. Nelson was then subject to cross-examination by the defense. To be precise, Dr. Nelson related this information (that the victim's carboxyhemoglobin level was 18 percent) in explaining the assumptions upon which his opinion (that the victim was burned alive) rested: Dr. Nelson's testimony regarding the 18-percent carboxyhemoglobin level was not offered

6

to prove that the victim's carboxyhemoglobin level was 18 percent. Rather, Dr. Nelson's testimony regarding the 18-percent carboxyhemoglobin level was offered to explain the basis of his opinion that the victim was burned alive.

Upon *de novo* review, the Court concludes that Petitioner's Sixth Amendment right to confrontation was not violated. *See Williams*, 567 U.S. at 78 (recognizing the "legitimate nonhearsay purpose of illuminating the expert's thought process"); *United States v. Murray*, 540 F. App'x 918, 920–21 (11th Cir. 2013) (concluding that *Williams* permits "an expert's reliance on a DNA profile produced by an outside lab" and does not require the biologists that performed the underlying DNA test to be present at the trial or subjected to cross-examination before trial); *White v. Sec'y, Dep't of Corr.*, No. 8:14-CV-94-T-36MAP, 2017 WL 1165576, at *13 (M.D. Fla. Mar. 29, 2017) ("Thus, Schultz and Thogmartin did not testify that the results of the toxicology test were in fact accurate; they merely used the results in reaching conclusions about Andrea's death.").

Accordingly, the Court overrules Petitioner's objections to the Report and Recommendation. As to those findings in the Report and Recommendation to which Petitioner does not object, the Court agrees with those findings. *See* Fed. R. Civ. P. 72(b).

## IV.     CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A petitioner has no absolute entitlement to appeal a district court's final order denying his petition for writ of habeas corpus. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Magistrate Judge Reid recommends that no certificate of appealability should issue. R&R at 50. This Court agrees with Magistrate Judge Reid's recommendation; a COA shall not issue.

## VI. CONCLUSION

Petitioner has failed to set forth an entitlement to *habeas* relief. Accordingly, UPON CONSIDERATION of the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondent's Response, Petitioner's Reply, the Report and Recommendation, Petitioner's Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Petitioner's Objections (ECF No. 30) are OVERRULED, Magistrate Judge Reid's Report and Recommendation (ECF No. 23) is ADOPTED, Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 12) is DENIED, and no certificate of appealability shall issue. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of July, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Jonathan Ray Rodriguez
H35582
RMC - Main
7765 South CR 231
P.O. BOX 628
Lake Butler, FL 32054-0628
PRO SE

Ryan James Sydejko
Office of the Attorney General

Criminal Appeals
3507 E. Frontage Rd, Suite 200
Concourse Center 4
Tampa, FL 33607
813-287-7900
Email: ryan.sydejko@myfloridalegal.com